IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIN COUNTY, et al.,<br><br>    Defendants.<br>_____ / | No. C 12-00378 YGR (PR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**<br><br>(Docket nos. 1, 9, 11, 12) |

## **INTRODUCTION**

Plaintiff Michael Lena, who is currently housed at Marin County Jail, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed two other civil rights actions, which have since been dismissed as opened in error. *See* Case Nos. C 12-00492 YGR (PR) and C 12-01413 YGR (PR).

In the instant case, Plaintiff had only filed a document on January 25, 2012 entitled, "Motion and Declaration Seeking Orders from this Court Enjoining Respondents from Stopping Michael Lena from Filing a 42 U.S.C. § 1983 Action and 2 Petitions in this U.S. District Court." (Docket No. 1.) In a letter filed on the same date, Plaintiff explained that he was attaching a "3 1/2 floppy external [disc]," which contained his "37 page § 1983 Action;" however, "[t]he sheriffs [sic] deputys [sic] refuse to print it . . . ." (Jan. 25, 2012 Letter at 1-2.) Thereafter, Plaintiff was able to print and file with the Court his 37-page civil rights complaint; however, he did not indicate that it was to be filed in Case No. C 12-0378 YGR (PR). In addition, he also filed a completed *in forma pauperis* ("IFP") application. Therefore, a new action was opened -- Case No. C 12-00492 YGR (PR). This second action was dismissed as filed in error on February 14, 2012, when the Court's review revealed that it consisted of the complaint that Plaintiff intended to file in the instant case. (Feb. 14, 2012 Order of Dismissal in Case No. C 12-00492 YGR (PR) at 1-2.) The Clerk of the Court was directed to remove Plaintiff's civil rights complaint and IFP application Case No. C 12-00492 YGR (PR), and to file them in the instant case.

On March 20, 2012, Plaintiff filed another complaint, causing a third action to be opened -- Case No. C 12-01413 YGR (PR). The complaint filed in this third case alleges claims similar but not identical to those contained in his prior complaint filed in the instant case.

On April 20, 2012, Plaintiff filed a document entitled, "Motion to Withdraw Action CV 12-00378 YGR for inability to pay filing fee, delay in filing and response by this court, resulting in another Complaint under the Civil Rights Act 42 U.S.C. s. 1983. # CV 12-1413 . . . ." in the instant case. In that document, Plaintiff explained that he wanted to "discontinue and withdraw CV 12-00378 to pursue his claim against many of the same [defendants] in CV 12-1413." (Apr. 20, 2012 Mot. at 2.)

On May 7, 2012, Plaintiff's third action was dismissed as filed in error when the Court determined that Plaintiff should to pursue his claims in the lower-numbered case (the instant case), rather than in Case No. C 12-01413 YGR (PR). The Court directed the Clerk to remove Plaintiff's civil rights complaint from Case No. C 12-01413 YGR (PR) and to docket it as Plaintiff's "Amended Complaint" in the instant case. (May 7, 2012, Order of Dismissal Case NoC 12-01413 YGR (PR) at 1-2.)

The Court now screens the amended complaint pursuant to 28 U.S.C. § 1915(a). Plaintiff has been granted leave to proceed IFP.

Also pending before the Court are Plaintiff's motions mentioned above: his "Motion and Declaration Seeking Orders from this Court Enjoining Respondents from Stopping Michael Lena from Filing a 42 U.S.C. § 1983 Action and 2 Petitions in this U.S. District Court" (Docket No. 1) and his "Motion to Withdraw Action CV 12-00378 YGR for inability to pay filing fee, delay in filing and response by this court, resulting in another Complaint under the Civil Rights Act 42 U.S.C. s. 1983. # CV 12-1413 . . . ." (Docket No. 9). Plaintiff has also filed a motion for a preliminary injunction (Docket No. 11) and a motion for appointment of counsel (Docket No. 12).

## DISCUSSION

**I.** **Preliminary Screening of Plaintiff's Amended Complaint**

    **A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Deficiencies in Plaintiff's Amended Complaint

The Court's preliminary screening of Plaintiff's amended complaint has revealed two deficiencies, which must be addressed before the Court can reliably determine whether Plaintiff may proceed with his action.

#### 1. Failure to File a Complaint on the Court's Civil Rights Complaint Form

Plaintiff has failed to file his amended complaint on the Court's civil rights complaint form. This form includes important information necessary to the Court's review of Plaintiff's claims, including (but not limited to) information about exhaustion of available administrative remedies, as discussed at further length below. Plaintiff must file his second amended complaint on the Court's civil rights complaint form.

#### 2. Failure to Allege Exhaustion of Available Administrative Remedies

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to those claims.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section an action must be dismissed unless the

prisoner exhausted his available administrative remedies *before* he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the institution to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" alleging misconduct by jail staff. Accordingly, county jail inmates must exhaust all administrative remedies established by the jail grievance procedures.

In the instant case, it does not appear that Plaintiff attempted to utilize any administrative remedies established by the Marin County Jail prior to filing his lawsuit. Thus, it appears Plaintiff may not have exhausted his administrative remedies as required by 42 U.S.C. § 1197e(a).

Accordingly, it appears that Plaintiff's claims could be unexhausted and subject to dismissal. Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he exhausted all of his claims against each Defendant *before* he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may file a second amended complaint to so allege, as set forth below.

**II.     Motion for Appointment of Counsel**

Plaintiff has also filed a motion for appointment of counsel in this case. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action),

4

*withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The Court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the motion for appointment of counsel (Docket No. 12) is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

### III. Motion for Preliminary Injunction

Plaintiff's motion for a preliminary injunction (Docket No. 11) is DENIED for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before

5

the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (Plaintiff himself in this case, as he proceeds *pro se*) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file a second amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action – Case No. C 12-00378 YGR (PR) – on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Plaintiff must include all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original or amended complaint by reference. Plaintiff's failure to file a second amended complaint by the deadline will result in the dismissal of this action without prejudice.

2. Plaintiff's motion for appointment of counsel (Docket No. 12) is DENIED without prejudice.

3. Plaintiff's motion for a preliminary injunction (Docket No. 11) is DENIED.

4. Because the Court has dismissed Plaintiff's two other actions as filed in error and he has been permitted to pursue his claims in the instant action, his "Motion and Declaration Seeking Orders from this Court Enjoining Respondents from Stopping Michael Lena from Filing a 42 U.S.C. § 1983 Action and 2 Petitions in this U.S. District Court" (Docket No. 1) and his "Motion to Withdraw Action CV 12-00378 YGR for inability to pay filing fee, delay in filing and response by this court, resulting in another Complaint under the Civil Rights Act 42 U.S.C. s. 1983. # CV 12-1413 . . . ." (Docket No. 9) are DENIED as moot.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

      6.      The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

      7.      This Order terminates Docket Nos. 1, 9, 11 and 12.

IT IS SO ORDERED.

DATED: September 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**